Percy WHITE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 02A03–8905–CR–174.

Court of Appeals of Indiana, Third District.

Nov. 6, 1989.

Stephen P. Rothberg, Rothberg & Chambers, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Percy White appeals from a judgment of conviction for resisting law enforcement. The facts relevant to this appeal are summarized below.

On October 16, 1988, two officers with the Fort Wayne Police Department located a vehicle containing stolen property in the parking lot adjacent to P & M Recreation. The officers called for a tow truck to remove the vehicle, which was to be impounded in accordance with police procedure.

When the tow truck arrived, White, the owner of P & M Recreation, indicated that he would not permit the truck to drive on the parking lot. According to one of the officers, "Mr. White was standing in the middle of the driveway, he would not let the tow truck driver back his vehicle up in the driveway to tow the vehicle." The officers advised White that he was interfering with a police investigation. White remained adamant that the tow truck would not be allowed on his lot.

The police officers arrested White, handcuffed him and placed him in the squad car. The tow truck then proceeded onto the lot and removed the vehicle in which stolen property had been found.

■ The statute under which White was charged and convicted provides in pertinent part:

"A person who knowingly or intentionally:

(1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of his duties as an officer; ...

commits resisting law enforcement, a Class A misdemeanor...."

IND.CODE § 35–44–3–3(a) (1988 Ed.).

The theory of the prosecution was that White had interfered with police officers lawfully executing their duties. White asserts that the evidence was insufficient to sustain his conviction, because there was no showing that his interference was forcible.

A threshold issue raised by White's appeal is whether the adverb "forcibly" in IND.CODE § 35–44–3–3(a)(1) modifies each of the verbs which succeeds it or refers only to the first verb. The question has not been previously addressed by reviewing courts of this State. However, federal courts have construed a comparable provision contained in 18 U.S.C. § 111 (1982 Ed.), and the conclusions reached by those courts are persuasive:

"In the statute under which appellant here was indicted ... Congress has not left the matter in doubt but has specifically prescribed the use of force as an essential element of the crime, saying 'Whoever *forcibly* assaults, resists, opposes, impedes, intimidates, or interferes with,' etc. [Italics supplied.] The use of the adverb 'forcibly' before the first of the string of verbs, with the disjunctive conjunction used only between the last two of them, shows quite plainly that the adverb is to be interpreted as modifying them all."

*Long v. U.S.* (4th Cir.1952), 199 F.2d 717, 719.

*See also U.S. v. Camp* (8th Cir.1976), 541 F.2d 737

(a showing of force is required to establish a violation of 18 U.S.C. § 111).

This Court concludes that the use of force is an essential element of resisting law enforcement as that offense is defined in IND.CODE § 35–44–3–3(a)(1).

■ To establish a violation of IND. CODE § 35–44–3–3(a)(1), the State in the instant case was required to show that White forcibly interfered with the Fort Wayne police officers; that is, the State had to demonstrate that the interference was effected through the use of force. White's position in the driveway and his declaration that the tow truck could not drive onto the parking lot did not amount to forcible interference.[1] Accordingly, the

---

1. If the vehicle in question had been a fire truck or an emergency medical vehicle attempting to perform emergency functions, White's conduct would have constituted a misdemeanor. Nei-

ther IND.CODE § 35–44–3–8 (1988 Ed.) (defining the offense of obstructing a firefighter) nor IND.CODE § 35–44–3–8.5 (1988 Ed.) (defining the offense of obstructing an emergency medi-

evidence was insufficient to establish a violation of IND.CODE § 35–44–3–3(a)(1).

The judgment of conviction is reversed.

GARRARD, P.J., and ROBERTSON, J., concur.

cal person) includes a requirement that the interference be forcible.