Charles M. McCAFFREY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A04–9206–CR–216.

Court of Appeals of Indiana, Fourth District.

Dec. 30, 1992.

Alan K. Wilson, Muncie, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Charles M. McCaffrey appeals his conviction for resisting law enforcement, a class A misdemeanor. IND.CODE 35–44–3–3.

We affirm.

McCaffrey's sole issue for our review is whether the evidence is sufficient to sustain his conviction for resisting law enforcement.

In the early morning hours of May 5, 1990, two police officers discovered McCaffrey, dirty and disheveled, lying in a street gutter in Muncie, Indiana. They began questioning him and determined he was intoxicated. Instead of answering the officers' questions, McCaffrey began swearing at them. Throughout this time, the offi-

cers repeatedly asked McCaffrey to stand, but he refused.

They then placed McCaffrey under arrest. Still, he would not obey the officers' orders to stand. One of the officers attempted to carry him into the squad car but had to get assistance from his fellow officer. On the way to jail, McCaffrey continued to scream profanities at the officers. Once at the jail, McCaffrey would not cooperate by getting out of the car. When the officers asked him to stand, he pulled his legs up and would not put them down. The two police officers had to carry him into the intake area of the police station.

The State charged McCaffrey by information with public intoxication and resisting law enforcement. The court tried and convicted him *in absentia.* On direct appeal, we found reversible error in the court's decision to proceed in his absence. *McCaffrey v. State* (1991), Ind.App., 577 N.E.2d 617, 619.

After a second bench trial, the court found him guilty as charged and sentenced him to concurrent terms of one year for resisting arrest and one hundred eighty days for public intoxication. He appeals his conviction for resisting arrest.

McCaffrey contends the record is devoid of any evidence to show he forcibly resisted the lawful efforts of law enforcement officers here involved. He relies on *White v. State* (1989), Ind.App., 545 N.E.2d 1124. In *White,* we held the defendant did not forcibly interfere with the law enforcement officers when he refused to move out of a driveway to allow a tow truck called by the police to remove a vehicle found to contain stolen goods. *Id.* at 1125. McCaffrey contends, like the defendant in *White,* he was totally passive during the period of his contact with the arresting officers.[1]

Our standard of review for claims of insufficient evidence is well settled. We view the evidence in a light most favorable to the State, along with all logical inferenc-

<hr />

1. In her final argument, the prosecutor referred to testimony allegedly given by an officer which stated McCaffrey braced his feet inside the patrol car. Also, when pronouncing judgment, the trial judge stated McCaffrey tried to keep from being brought out of the police car. However, no such evidence is in the record, and on appeal, the States does not assert such conduct occurred. Therefore, we do not rely on this allegation in reviewing this case.

es which could be drawn in the State's favor. *Clark v. State* (1990), Ind., 562 N.E.2d 11, 16, *cert. denied,* — U.S. —, 112 S.Ct. 425, 116 L.Ed.2d 445. If from that perspective, and without reweighing the evidence or judging witness credibility, the court finds substantial evidence of probative value to support the conclusion of the trier of fact, the conviction will not be overturned. *Id.*

■ IC 35–44–3–3 provides:

(a) A person who knowingly or intentionally:

(1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of his duties as an officer ...

commits resisting law enforcement, a class A misdemeanor.

The adverb "forcibly" modifies each of the verbs which succeed it or refers only to the first verb. *Braster v. State* (1992), Ind. App., 596 N.E.2d 278, 280, *reh. denied.* The use of force is an essential element of resisting law enforcement as defined by the above statute. *White,* 545 N.E.2d at 1125. Therefore, the State must show McCaffrey either forcibly resisted, forcibly obstructed or forcibly interfered with a law enforcement officer engaged in the execution of his duties.

■ Unless the statute provides otherwise, we look to the plain and ordinary meaning of words used in that statute. *Whitley v. State* (1990), Ind.App., 553 N.E.2d 511, 513. "Force" is defined as "to do violence to"; "to constrain or compel by physical, moral or intellectual means"; "to make or cause, make to be, or accomplish by natural or logical necessity"; and "to press, drive attain to, or effect as indicated against resistance or inertia by some positive compelling force or action." *Webster's Third New International Dictionary* 887 (1977). Since our statute does not define the degree or nature of the force necessary to satisfy the resistance requirement, we may look to other statutes for guidance. "Deadly force" is force that creates a substantial risk of serious bodily injury. IC 35–41–1–7. A "forcible felony" means a felony involving the use or threat of force against a human being or in which there is imminent danger of bodily injury. IC 35–41–1–11. Our supreme court has held in statutes which require force, such as the rape statute, the force need not be physical or violent but may be implied from the circumstances. *Scott–Gordon v. State* (1991), Ind., 579 N.E.2d 602, 604.

■ The word "resist" means "to stand against or to withstand." 58 Am.Jur.2d *Obstructing Justice* § 75. "Obstruct" is "to interpose obstacles or impediments or in any manner prevent." The word "interference" encompasses "actions calculated in any appreciable degree to hamper or impede police officers in the performance of their duties." *Id.*

■ Contrary to his assertion, unlike the defendant in *White,* McCaffrey's actions were not a mere passive refusal to act. The evidence most favorable to the judgment reveals McCaffrey refused to get up and walk after repeated requests to do so and even after being told he was under arrest. Upon arriving at the jail, McCaffrey continued to refuse to leave the squad car or to put his feet under him to stand. Instead, he pulled his legs up so the officers were forced to use extraordinary effort to remove him from the car to effectuate his lawful arrest. The above constitutes substantial evidence McCaffrey resisted the law enforcement officers as they lawfully sought to perform their duty.

Affirmed.

CHEZEM and ROBERTSON, JJ., concur.