FOR PUBLICATION

ATTORNEY FOR APPELLANT
: 
ATTORNEYS FOR APPELLEE
:

WILLIAM F. THOMS, JR. JEFFREY A. MODISETT

Thoms & Thoms Attorney General of Indiana

Indianapolis, Indiana

JAMES B. MARTIN

Deputy Attorney General

Indianapolis, Indiana

IN THE

COURT OF APPEALS OF INDIANA

PAUL GUTHRIE, )

)

Appellant-Defendant, )

)

vs. ) No.  49A02-9902-CR-110

)

STATE OF INDIANA, )

)

Appellee-Plaintiff. )

APPEAL FROM THE MARION SUPERIOR COURT

CRIMINAL DIVISION ROOM 10

The Honorable Richard E. Sallee, Judge

Cause No.  49F10-9806-CM-106518

November 17, 1999

OPINION - FOR PUBLICATION

RUCKER, Judge

Defendant Paul Guthrie was charged with resisting law enforcement as a Class A misdemeanor
(footnote: 1) and refusal to provide identification as a Class C misdemeanor.
(footnote: 2)  After a bench trial, he was found guilty of resisting law enforcement.  He was sentenced to 365 days with 351 days suspended.  Guthrie appeals contending the evidence was insufficient to sustain the conviction.  We disagree and therefore affirm.

The facts most favorable to the judgment reveal that on June 27, 1998, Guthrie was present at Broad Ripple Park in Indianapolis, Indiana.  Park Ranger Robert Turner was summoned to investigate a person vending without a license.  Upon arrival, he observed Guthrie sitting on a blanket with several items offered for sale.  After ascertaining that Guthrie did not have a vending permit, Turner informed Guthrie that he could no longer vend in the park, but he was free to remain.  Guthrie packed up his wares and then requested to see the ordinance requiring a permit.  Turner did not have a copy of the ordinance, so he summoned his supervisor. 

Captain Jeffrey Ward arrived and showed Guthrie the ordinance in question.  After some discussion, Ward requested that Turner issue a citation for vending without a permit.  Turner then asked Guthrie for his name and Guthrie refused.  After requesting and being refused three times, Guthrie was placed under arrest for Refusal to Identify Self, handcuffed and transported to the Marion County lockup.  

Upon arrival, Guthrie was asked to step out of the vehicle, but he refused claiming his arrest was illegal.  Officer Nuckols, who had transported Guthrie to the lockup, sought assistance to remove Guthrie from the vehicle.  Two officers then physically removed Guthrie and placed him on the ground.  They requested that he stand up, but he continued to refuse.  Police lifted Guthrie to his feet, but he refused to walk.  He leaned back and kept his legs straight.  The officers had to carry Guthrie to the central receiving area.

The State charged Guthrie with refusal to provide identification and resisting law enforcement.  A bench trial was held on November 12, 1998.  At the conclusion of the State's case in chief, the defense moved for a directed verdict on both counts.  The court granted the motion as to the refusal to provide identification charge.  Guthrie was convicted of resisting law enforcement and sentenced to 365 days in jail, with 351 days suspended and remaining, 10 days stayed and 351 days probation.  This appeal followed.

In reviewing a claim of sufficiency of the evidence, our standard of review is well settled.  We will neither reweigh the evidence nor judge the credibility of the witnesses.  
Moore v. State
, 652 N.E.2d 53, 55 (Ind. 1995).  We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom, and if there is substantial evidence of probative value to support the conviction, it will not be set aside.  
Id.

Resisting law enforcement is defined in Ind. Code § 35-44-3-3, in pertinent part, as follows:

(a) A person who knowingly or intentionally: 

(1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of his duties as an officer.

Guthrie challenges the sufficiency of the evidence to sustain his conviction.  He specifically alleges that he did not use the requisite force to sustain a conviction for resisting law enforcement.  Rather, his argument continues, he passively resisted the officers' attempts to remove him from the police vehicle.    

Our supreme court has found that a person forcibly resists "when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties."  
Spangler v. State
, 607 N.E.2d 720, 723 (Ind. 1993).  Guthrie relies on 
Spangler
, which reversed the defendant's conviction for resisting law enforcement finding insufficient evidence of force where the defendant resisted service of process by turning and walking away.  Here, Guthrie did more than passively resist.  He refused to get out of the jail wagon.  He was forcefully removed from the wagon and placed on the ground.  When asked to get up, he refused.  He was lifted to his feet but refused to walk.  He resisted the officers' efforts by leaning his body back and stiffening his legs.  Ultimately, the officers had to carry Guthrie to the central receiving area.

Guthrie also directs us to 
White v. State
, 545 N.E.2d 1124 (Ind. Ct. App. 1989), 
Braster v. State
, 596 N.E.2d 278 (Ind. Ct. App. 1992), and 
Ajabu v. State
, 704 N.E.2d 494 (Ind. Ct. App. 1998), all of which support his assertion that mere passive resistance is not sufficient to sustain a conviction of resisting law enforcement.  In 
White
, the court reversed a conviction for resisting law enforcement where the defendant blocked his driveway and refused to allow a tow truck to enter a parking lot to retrieve a vehicle that contained stolen goods.  
White
, 545 N.E.2d at 1125.  Similarly, in 
Braster
, this court reversed a conviction where the only evidence of resisting law enforcement was defendant's failure to obey the officer's demand to lie on the ground.  "While defendant's failure to obey [the officer's instructions] is a definite resistance, obstruction, and interference with law enforcement, there was no force involved on defendant's part."  
Braster
, 596 N.E.2d at 280.  Finally, in 
Ajabu
, this court overturned a conviction where the defendant resisted police efforts to remove a flag from his possession and the record revealed that he "twisted and turned a little as he held onto his flag."  
Ajabu
, 704 N.E.2d at 495.  

However, these cases are distinguishable from the case at bar because Guthrie did resist in some meaningful way that extended beyond mere passive resistance.  These facts are similar to those in 
Wellman v. State
, 703 N.E.2d 1061 (Ind. Ct. App. 1998), where the court found sufficient evidence that a defendant acted with the requisite force in resisting an officer, so as to sustain a conviction for resisting law enforcement, where defendant physically resisted leaving his house by placing his hands against the door frame.  The officer was forced to shove defendant through the doorway in order to get him outside, and once outside, the defendant refused to get up and walk, forcing the officer to lift defendant onto his feet.  
Id.
 at 1064.

Judgment affirmed.

 STATON, J., and NAJAM, J., concur.

FOOTNOTES
1:  Ind.Code § 35-44-3-3(a)(1)

2:  Ind.Code § 34-4-32-3