**Robert RUST, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–9908–CR–344.

Court of Appeals of Indiana.

March 8, 2000.

Rehearing Denied April 13, 2000.

**338**

William F. Thoms, Jr., Thoms & Thoms, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

KIRSCH, Judge

Robert Rust appeals his conviction in a bench trial of criminal trespass,[1] a Class A misdemeanor. He presents two issues:

    I.    Whether there is sufficient evidence to support his conviction;

    II.    Whether the charging information is defective.

We affirm.

## FACTS AND PROCEDURAL HISTORY

As a volunteer for Truth and Compassion Ministries, Robert Rust frequently demonstrates against abortion outside the Affiliated Women's Services building. He knows that the building owners do not want him on their property, so he stands on the street holding a protest sign. While he was protesting in October 1998, a car stopped in the building driveway. Inside the car was a woman whom Rust had seen entering and leaving the building. She motioned Rust to the car. Rust put his sign on the driveway, came to the car, and stood in the driveway to speak to the woman. From inside the building, the president of Affiliated Women's Services saw Rust on the driveway. She came outside and asked Rust to go back to the street. She then turned to pick up Rust's sign from the driveway. Rust also turned to pick up the sign, and the two collided. The president went back inside and called the sheriff.

The State charged Rust with criminal trespass and battery. On the trespass charge, the Information alleged that Rust knowingly or intentionally interfered with the use or possession of the president's property without her consent. *Record* at 6. The trial court convicted Rust of trespass, and Rust now appeals.

## DISCUSSION AND DECISION

### I. Evidentiary Sufficiency

    When reviewing a challenge to evidentiary sufficiency, this court neither assesses the credibility of witnesses nor reweighs the evidence. *Case v. State*, 458 N.E.2d 223, 226 (Ind.1984). We must affirm the conviction in this case if the inferences from the evidence establish that the trial court could find beyond a reasonable doubt that Rust committed trespass as charged. *Id.* We examine the evidence relevant to each element of the charged crime. *See id.* at 226–27.

The elements of the trespass charge against Rust are set out in IC 35–43–2–2(a)(4):

> "A person who ... knowingly or intentionally interferes with the possession or use of the property of another person without the person's consent commits criminal trespass, a Class A misdemeanor."

Rust's appeal centers on the second element of the offense: he contends there is no evidence that he interfered with possession or use of the Affiliated Women's Ser-

---

1.  *See* IC 35–43–2–2(a)(4).

vices property. In support of this contention, he relies on the following testimony from the president:

> "Q: Was [Rust's] act of placing a sign on your property, did that interfere with your possession of your property?
>
> A: No, I felt that it was trash and I needed to pick it up off my property."

*Record* at 29.

The State acknowledges this testimony, but maintains that the trial court could reasonably infer from other evidence that Rust's sign was impeding access to the driveway. In addition, the State argues that while Rust was speaking with the woman in the car, Rust himself blocked the driveway. In support of these arguments, the State cites *McCaffrey v. State*, 605 N.E.2d 241, 243 (Ind.Ct.App.1992) and *Johnson v. State*, 659 N.E.2d 194 (Ind.Ct. App.1995).

Neither of the cases cited by the State are dispositive. In *McCaffrey*, this court held that a person who refuses to move after being placed under arrest may be convicted of resisting law enforcement. 605 N.E.2d at 243. Similarly, in *Johnson*, we held that abortion protesters who blocked the entry to a clinic and refused to leave could be convicted of criminal trespass. 659 N.E.2d at 196–98. Here, in contrast, Rust moved from the driveway when asked to do so by the Affiliated Women's Services president. His conduct is thus not analogous to that of the defendants in *McCaffrey* and *Johnson*.

■ Nonetheless, the evidence is sufficient to convict Rust of criminal trespass. Trespass is the knowing *or* intentional interference with the possession *or* use of another's property. Thus, although Rust's presence and placing the sign on the driveway may not have interfered with possession, it interfered with use by preventing others from coming onto or leaving the property by using the driveway.

Rust also contends there is no evidence that he intended to block the building driveway, noting that he promptly re-sponded to the president's instruction to return to the street. He argues that "[t]here is a total lack of evidence that [he] knowingly *and* intentionally interfered with the ... property." *Reply Brief* at 2 (emphasis added). This argument misperceives the intent element of the trespass charge against him. The State did not have to prove that Rust intentionally blocked the driveway. Rather, the State only had to prove that Rust knowingly blocked the driveway, i.e., that when Rust came to the stopped car, he knew he would be interfering with use of the driveway.

The State met this burden. First, the State offered into evidence a videotape depicting Rust, the car, and the driveway. *Record* at 30. Further, Rust admitted that he stood on the driveway. *Record* at 57, 60. The president testified that while Rust was standing there, he was blocking the driveway. *Record* at 46. Another witness testified that Rust stood on the driveway for two or three minutes while talking with the woman in the car. *Record* at 63. From this testimony, the trial court could reasonably infer that when Rust came to the stopped car, he knew he was blocking the driveway.

Rust insists that it was the stopped car that blocked the driveway, not him. This argument is akin to a reckless driver blaming a sideswipe accident on a parked car. Just as the law requires drivers to be aware of road conditions, the law requires demonstrators to be aware of private property restrictions. Here, Rust had a choice: come to the car on the driveway, or motion the car to meet him on the street. Rust chose to enter the driveway and to remain there for some time. This choice rendered him subject to conviction for criminal trespass.

Rust's case is in this way distinguishable from the facts in the cases cited in his briefs, *Osbon v. State*, 213 Ind. 413, 13 N.E.2d 223 (1938) and *Baker v. State*, 236 Ind. 55, 138 N.E.2d 641 (1956). In *Osbon*, a murder case, the State failed to offer

proof of modus operandi and of motive, and provided no evidence to link the accused to the crime. 213 Ind. at 428, 13 N.E.2d at 228. Similarly, in *Baker*, the State failed to provide proof of the assailant's identity. Moreover, our supreme court has criticized the *Baker* opinion because it implies that appellate courts may reweigh testimony. *See Davis v. State*, 249 Ind. 373, 376, 232 N.E.2d 867, 868 (Ind.1968).

Here, the State established that Rust was familiar with the layout of the Affiliated Women's Services property and knew that he was standing on the driveway. This evidence allowed a ready inference that Rust knew his presence was blocking the building ingress or egress. .

## II. Charging Information

■ Rust argues that the Information failed to provide the requisite facts about the nature of his alleged interference with the property. Additionally, Rust argues that there was a material variance between the Information and the evidence adduced at trial. In support of his argument, Rust relies on *Griffin v. State*, 439 N.E.2d 160 (Ind.1982) and *Garcia v. State*, 433 N.E.2d 1207 (Ind.Ct.App.1982). In response, the State maintains that the Information is sufficient because it contained all of the necessary elements.

The Information stated:

"On or about October 24, 1998, in Marion County, State of Indiana, at 2215 Distributors Drive location, the following named defendant, Robert Rust, did knowingly or intentionally interfere with the use or possession of the property of [the president of Affiliated Women's Services], another person, without the consent of said other person."

*Record* at 6. This statement contains all of the elements of the charged crime: knowing or intentional interference with the property of another without the other's

consent. The statement also specifically identifies the time and place of the alleged trespass. In this way, the Information provided the requisite material allegations of the charged offense. *See Mitchem v. State*, 685 N.E.2d 671, 676 (Ind.1997)

■ Turning to the variance issue, we must determine whether there is in fact a variance, and if so, whether the variance is material. A variance is a significant difference between a charging information and the evidence at trial. *Allen v. State*, 720 N.E.2d 707, 713 (Ind.1999). If the variance misleads the defendant in the preparation of the defense, or presents a risk of double jeopardy, the variance is material and the conviction must be overturned. *Mitchem v. State*, 685 N.E.2d 671, 677 (Ind.1997).

The Information here is not like those declared invalid in the cases Rust cites. In *Griffin*, 439 N.E.2d 160 (Ind.1982), our supreme court held that an information alleging receipt of stolen property was fatally defective for failure to describe the property and to identify the rightful owners. *Id.* at 162. The court explained that the information did not enable the defendant to prepare a defense and that it was so vague it placed the defendant in jeopardy of being tried again for the same crimes. *Id.* Similarly, in *Garcia*, 433 N.E.2d 1207 (Ind.Ct.App.1982), the information charged the defendant with robbery and battery, but the jury convicted the defendant of *aggravated* battery. This court held that the information failed to give the defendant notice that he could be convicted of aggravated battery. *Id.* at 1210–11.

■ Here, in contrast, the Information specifically charged Rust with criminal trespass by interfering with an owner's use or possession of property. The Information stated the property address and identified the property owner.[2] Although Rust

2. Rust also argues that the Information was defective because it named the president as the owner of the property, while the actual

owner was Affiliated Women's Services. Rust does not elaborate as to how this difference

claims that he thought the State's evidence would focus on the interference caused by the sign on the driveway rather than on his person, he neither describes how this discrepancy misled him nor explains why the discrepancy placed him at risk of double jeopardy. The Information did not limit the State to proof concerning the sign, and nothing contained therein suggested that the State would so limit its proof. Accordingly, we find that any variance between the Information and the evidence was immaterial.

Affirmed.

SHARPNACK, C.J., and RILEY, J., concur.

misled him or altered the preparation of his defense. The argument is thus unconvincing.