**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 02 2012, 8:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOSEPH P. HUNTER**
Public Defender
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHADD B. LANGSTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.   18A02-1105-CR-466 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Linda Ralu Wolf, Judge
Cause No.   18C03-1010-FB-44

**March 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

Chadd Langston ("Langston") appeals his conviction, following a bench trial, for conspiracy to commit robbery as a class C felony as well as his adjudication as an habitual offender.

We affirm.

## ISSUE

Whether there was a fatal variance between the allegations in the information and the evidence introduced at trial.

## FACTS

The facts most favorable to the judgment reveal that twenty-seven-year-old Langston moved into Brian Graham's ("Graham") Delaware County apartment in September 2010. On September 29, Susan Terry ("Terry") and Trudy Said ("Said") stopped by Graham's apartment for a visit. The two men and two women began to talk about ways to obtain money. They discussed robbing a McDonald's, an ATM, a convenience store, and a liquor store. They eventually agree to rob a nearby Village Pantry because Graham believed the store clerk "[did not] really care" and would "probably just hand [Terry] the money." (Tr. 211).

Graham gave Terry a BB gun to use during the robbery. Langston told Terry to hand the Village Pantry clerk a note instead of using the gun. Langston explained that he had a friend who handed a clerk a note during a robbery and was subsequently charged with a lesser offense. Langston took a piece a paper and wrote the following note: "I

2

need you to put money in [the] bag fast." State's Exhibit 25A. Terry put Langston's note in the pocket of her sweatshirt.

Terry and Said entered the Village Pantry and stole $40 out of the cash register. Terry brandished the BB gun during the robbery but did not show Langston's note to the clerk. The police arrived at the scene as the women were fleeing and followed the women to Graham's apartment. The two men and two women were subsequently arrested. Langston's handwritten note was discovered in the pocket of a sweatshirt found in Terry's car.

The State charged Langston with conspiracy to commit robbery as a class C felony. The amended charging information specifically alleged as follows:

> [O]n or about September 29, 2010 in Delaware County . . . Langston did knowingly agree with another person to take property, to-wit: U.S. Currency, from another person, to-wit: a clerk at the Village Pantry, by threatening the use of force, and that in furtherance of the agreement, another person with whom . . . Langston agreed, did perform an overt act in furtherance of the crime of robbery, presented a note written by . . . Langston . . . .

(Appellant's App. 44). At Langston's bench trial, there was no evidence that Terry showed Langston's note to the cashier. The trial court convicted Langston as charged and adjudicated him to be an habitual offender. Langston appeals.

## DECISION

Langston argues that there is insufficient evidence to support his conviction. Specifically, his sole argument is that there is no evidence of the specific overt act as

3

charged in the information. The State responds that the variance between the charging information and the evidence adduced at trial was not fatal. The State is correct.

As a preliminary matter, we note that Langston has waived appellate review of this issue because he did not object to the variance at trial. *See Hall v. State*, 791 N.E.2d 257, 261 (Ind. Ct. App. 2003) (explaining that failure to make a specific objection at trial waives the material variance issue). Waiver notwithstanding, we find no error.

A variance is a significant difference between the charging information and the evidence adduced at trial. *Rust v. State*, 726 N.E.2d 337, 340 (Ind. Ct. App. 2000). If the variance misleads the defendant in the preparation of his defense or presents a risk of double jeopardy, the variance is material and the conviction must be overturned. *Id.*

Langston has failed to explain exactly how the variance misled him in the preparation and maintenance of his defense or how he was harmed or prejudiced thereby. Our review of the evidence reveals that Langston, Graham, Terry, and Said discussed different ways to obtain money. They eventually agreed to rob a nearby Village Pantry. Graham gave Terry a BB gun to use during the robbery, and Langston wrote a note for Terry to give to the Village Pantry cashier. Langston gave the note to Terry, and she put it in the pocket of her sweatshirt. Terry and Said entered the Village Pantry and stole $40 out of the cash register. Terry brandished the BB gun during the robbery.

In light of these facts, we fail to see how Langston was misled in the preparation and maintenance of his defense. Even though the charging information should have alleged that Langston performed an overt act when he wrote the note and gave it to Terry,

4

or that Graham performed an overt act when he gave the BB gun to Terry, Langston was well aware of the charges against him. Further, on appeal, he does not deny his involvement in the plan to rob the Village Pantry, or that he wrote the note, or that Graham gave Terry a BB gun to use in the robbery. Under these circumstances, he cannot successfully contend that he was misled by the charging information.

We find no fatal variance between the charging information and the evidence introduced at trial and affirm Langston's conviction.

Affirmed.

BAKER, J., and BAILEY, J., concur.