**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHAEL C. BORSCHEL**
Fishers, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| P.T., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1111-JV-1063 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
Cause No. 49D09-1109-JD-2339

**June 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

P.T. appeals his adjudication as a delinquent child for committing criminal trespass, as a Class A misdemeanor when committed by an adult. P.T. presents a single issue for our review, namely, whether the State presented sufficient evidence to support the true finding.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On September 8, 2011, a group of four children entered a vacant house located on Arborcrest Drive in Indianapolis. John Scanlan, who lived next door, was inside his house when he observed the group of four children walking through the carport attached to the vacant house and into the backyard. Scanlan then left his house and walked out into his backyard, where he could see that a set of French doors at the back of the vacant house had been opened, and the children were not visible in the backyard. Scanlan did not witness any of the children actually enter the house. A short time later, Scanlan observed a fifth child, P.T., walking on the sidewalk in front of the vacant house. And Scanlan then saw P.T. walk "in the carport going toward the back of the house." Transcript at 14.

At some point, Scanlan called the police, and they arrived in "less than five minutes." Id. at 15. When Officer Ernest Goss arrived, he found P.T. standing "on the front sidewalk" leading to the house, and he ordered P.T. to stay there until he came back. Id. at 18. Officer Goss then went to the backyard of the house, where he saw "four juveniles running through the backyard." Id. at 21. Officer Goss arrested those four

2

children, but when he returned to the front yard to apprehend P.T., he found that P.T. had fled the scene. Officer Goss then found P.T. at his home, which was nearby, and placed him under arrest.

The State filed a petition against P.T. alleging his delinquency for residential entry. At the ensuing hearing, the State moved to add a second count for criminal trespass, which the juvenile court granted over P.T.'s objection. At the conclusion of the hearing, the juvenile court entered a not true finding on the residential entry count, but adjudicated P.T. a delinquent child on the criminal trespass count. This appeal ensued.

## DISCUSSION AND DECISION

P.T. contends that the State presented insufficient evidence to support his adjudication as a delinquent child for committing criminal trespass. When presented with a challenge to the sufficiency of the evidence upon review of a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment. J.B. v. State, 748 N.E.2d 914, 916 (Ind. Ct. App. 2001). We will neither reweigh the evidence nor judge witness credibility. Id. If there is substantial evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm the adjudication. Id.

To prove criminal trespass, as a Class A misdemeanor when committed by an adult, the State had to show that P.T. knowingly or intentionally interfered with the possession or use of the property of another person without the person's consent. See Ind. Code § 35-43-2-2(a)(4). Here, P.T. asserts that there is no evidence to show that he interfered with the possession or use of the property. In Rust v. State, 726 N.E.2d 337

3

(Ind. Ct. App. 2000), <u>trans. denied</u>, we addressed a defendant's challenge to the sufficiency of the evidence on this element of the statute, and we find our reasoning in that case instructive here.

In <u>Rust</u>, the defendant was protesting outside an abortion clinic when he stepped onto the clinic's driveway and engaged in a conversation with a woman driving a car stopped on the driveway. In the course of the conversation, Rust placed a sign he had been holding on the ground. When the clinic's president observed Rust and his sign on the driveway, she went outside to confront him. Police ultimately arrested Rust, and the State charged him with criminal trespass under subsection (a)(4). On appeal, we held that the evidence was sufficient to support his conviction. In particular, we held:

> The elements of the trespass charge against Rust are set out in [Indiana Code Section] 35-43-2-2-(a)(4):
>
> "A person who . . . knowingly or intentionally interferes with the possession or use of the property of another person without the person's consent commits criminal trespass, a Class A misdemeanor."
>
> Rust's appeal centers on the second element of the offense: he contends there is no evidence that he interfered with possession or use of the Affiliated Women's Services property. In support of this contention, he relies on the following testimony from the president:
>
> "Q: Was [Rust's] act of placing a sign on your property, did that interfere with your possession of your property?
>
> A: No, I felt that it was trash and I needed to pick it up off my property."
>
> Record at 29.
>
> The State acknowledges this testimony, but maintains that the trial court could reasonably infer from other evidence that Rust's sign was impeding access to the driveway. In addition, the State argues that while Rust was speaking with the woman in the car, Rust himself blocked the driveway. . . .

4

Nonetheless, the evidence is sufficient to convict Rust of criminal trespass. Trespass is the knowing or intentional interference with the possession or use of another's property. Thus, although Rust's presence and placing the sign on the driveway may not have interfered with possession, it interfered with use by preventing others from coming onto or leaving the property by using the driveway.

Rust also contends there is no evidence that he intended to block the building driveway, noting that he promptly responded to the president's instruction to return to the street. He argues that "[t]here is a total lack of evidence that [he] knowingly and intentionally interfered with the . . . property." Reply Brief at 2 (emphasis added). This argument misperceives the intent element of the trespass charge against him. The State did not have to prove that Rust intentionally blocked the driveway. Rather, the State only had to prove that Rust knowingly blocked the driveway, i.e., that when Rust came to the stopped car, he knew he would be interfering with use of the driveway.

The State met this burden. First, the State offered into evidence a videotape depicting Rust, the car, and the driveway. Record at 30. Further, Rust admitted that he stood on the driveway. Record at 57, 60. The president testified that while Rust was standing there, he was blocking the driveway. Record at 46. Another witness testified that Rust stood on the driveway for two or three minutes while talking with the woman in the car. Record at 63. From this testimony, the trial court could reasonably infer that when Rust came to the stopped car, he knew he was blocking the driveway.

Id. at 338-39.

In contrast, here, the evidence does not show that P.T. either knowingly or intentionally interfered with the possession or use of the vacant house. The State presented evidence that, over the course of a few minutes, P.T. walked up the driveway to the vacant house and toward the backyard. No one saw P.T. enter the house, and two of the other children testified that P.T. did not enter the house. The owner of the vacant house, Max Spaulding, testified that no one was living in the house at the time, and Spaulding was not present at the time of the alleged offense. While Spaulding testified

5

that no one had his permission to enter the property, there is no evidence that P.T. interfered with Spaulding's possession or use of the property by his brief presence there.

In its appellee's brief, the State contends that it charged P.T. with criminal trespass under subsection (a)(5) of the statute, not (a)(4). Indiana Code Section 35-43-2-2(a)(5) provides that one commits criminal trespass when he knowingly or intentionally enters the dwelling of another person without the person's consent. The State maintains that the evidence is sufficient to support a true finding on that count. But we need not address that issue because the transcript shows that when the State orally moved to add the criminal trespass count, it recited the elements to prove criminal trespass under subsection (a)(4). And the State did not submit a written amendment to the charges against P.T., so there is no confusion on this issue. We hold that the State did not present evidence sufficient to support a true finding of criminal trespass and, thus, we reverse P.T.'s adjudication as a delinquent child.

Reversed.

RILEY, J., and DARDEN, J., concur.