## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 14 2016, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sammuel Willis,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 14, 2016

Court of Appeals Cause No.
49A05-1510-CR-1583

Appeal from the Marion Superior Court

The Honorable Linda Brown, Judge

Trial Court Cause No.
49G10-1503-CM-8438

**Barnes, Judge.**

# Case Summary

Sammuel Willis appeals his conviction for Class A misdemeanor resisting law enforcement. We affirm.

# Issue

The issue before us is whether the evidence is sufficient to support Willis's conviction for Class A misdemeanor resisting law enforcement.

# Facts

On March 10, 2015, Officer Douglas Wright from the Indianapolis Metropolitan Police Department was dispatched to a Rally's restaurant. Willis worked at the Rally's restaurant. Upon arrival at the restaurant, Officer Wright spoke to Willis's girlfriend, who stated that she and Willis had been arguing because Willis refused to give her the keys to his car, which contained their baby, so she could leave. Officer Wright went inside the restaurant and ordered Willis to give his girlfriend the keys to the car, due to it being cold and raining and his baby being in the car. As Willis's girlfriend was driving away, Willis came out of the restaurant stating that he wanted to get some property out of the car. Officer Wright told Willis that it was too late because his girlfriend had already left. Willis then stated, "give me my phone, I'm going to call my mom to come pick me up and I'm going to beat her a\*\*." Tr. p. 8.

After hearing this, Officer Wright informed Willis that he was under arrest. Officer Wright then grabbed Willis's right hand and placed a handcuff around his right wrist. As Officer Wright pulled Willis towards him out of the

restaurant, Willis stated, "get your hands off of me." *Id*. at 9. Willis then tried to push Officer Wright's hand away and attempted to pull away from Officer Wright's grasp. Officer Wright's partner came to assist him. Officer Wright's partner grabbed Willis's left arm, and the two officers wrestled with Willis trying to get him down to the ground. The officers struggled with Willis for about a minute. Once the officers placed Willis on the ground, Officer Wright had to physically wrestle Willis's left arm out from underneath him in order to get the left handcuff on. During the struggle, Officer Wright suffered injuries on his ankles and his knuckles. Officer Wright also suffered three lacerations on his right hand and one laceration on his left hand from the handcuffs.

On March 11, 2015, the State charged Willis with a Class A Misdemeanor resisting law enforcement. The charging information alleged that, "Sammuel L Willis did knowingly or intentionally forcibly resist, obstruct or interfere with Douglas Michael Wright and/or [his partner], law enforcement officers with the Indianapolis Metro Police Dept, while said officers were lawfully engaged in their duties as law enforcement officers." App. p. 14. A trial court later found Willis guilty and sentenced him to 365 days with all but time served suspended to probation. Willis now appeals.

## Analysis

Willis's argument is that there is insufficient evidence he "forcibly" resisted Officer Wright. When reviewing the sufficiency of the evidence, "appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict." *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is

the fact finders role to assess the credibility of the witnesses and weigh the evidence. *Id*. Appellate courts must consider conflicting evidence most favorably to the trial courts ruling and affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*.

[7] Indiana Code Section 35-44.1-3-1(a)(1) provides that "[a] person who knowingly or intentionally forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties, commits resisting law enforcement, a Class A misdemeanor."

[8] In *Spangler v. State*, our supreme court held that the word "forcibly" is an essential element of the crime and modifies the entire string of verbs—resists, obstructs, and interferes—such that the State must show forcible resistance, forcible obstruction, or forcible interference. 607 N.E.2d 720, 722-23 (Ind. 1993). Our supreme court has also held that "forcibly" means "something more than mere action." *Id*. at 724. "[O]ne 'forcibly resists law enforcement when strong, powerful, violent means are used to evade a law enforcement officials rightful exercise of his or her duties." *Id*. at 723. "[A]ny action to resist must be done with force in order to violate this statute. It is error as a matter of law to conclude that 'forcibly resists' includes all actions that are not passive." *Id*. at 724. "The force involved need not rise to the level of mayhem." *Walker v. State*, 998 N.E.2d 724, 727 (Ind. 2013). In fact, even a very "modest level of resistance" might support the offense. *Id*.

[9]     In *Walker*, our supreme court further stated:

> [N]ot every passive—or even active—response to a police officer constitutes the offense of resisting law enforcement, even when that response compels the officer to use force. Instead, a person "forcibly" resists, obstructs, or interferes with a police officer when he or she uses strong, powerful, violent means to impede an officer in the lawful execution of his or her duties. But this should not be understood as requiring an overwhelming or extreme level of force. The element may be satisfied with even a modest exertion of strength, power, or violence. Moreover, the statute does not require commission of a battery on the officer or actual physical contact—whether initiated by the officer or the defendant. It also contemplates punishment for the active threat of such strength, power, or violence when that threat impedes the officers ability to lawfully execute his or her duties.

*Id*.

[10]     In support of his argument, Willis relies on the opinions in *K.W. v. State*, 984 N.E. 2d 610 (Ind. 2013); *Colvin v. State*, 916 N.E.2d 306 (Ind. Ct. App. 2009); and *Berberena v. State*, 914 N.E.2d 780 (Ind. Ct. App. 2009). In *K.W.*, our supreme court concluded that the evidence was insufficient to show forcible resistance where an officer attempted to handcuff a juvenile and the juvenile "turned to walk away, pulling against [the officers] grasp on his wrist." *K.W.*, 984 N.E.2d at 611. In *Colvin*, we concluded that the evidence was sufficient to show passive resistance but not forcible resistance where the defendant kept his hands in his pockets and refused to comply with the officer's commands. *Colvin*, 916 N.E.2d at 309. In *Berberena*, we concluded that the evidence was insufficient to show forcible resistance where an officer commanded Berberena

to stop what he was doing and when Berberena refused to comply, the officer "had to forcefully place Berberena against the wall of the building" and struggled with Berberena to grab his hands and place them in handcuffs. *Berberena*, 914 N.E.2d at 781.

[11] On the other hand, the State relies on the opinions in *McCaffrey v. State*, 605 N.E.2d 241 (Ind. Ct. App. 1992); *Stansberry v. State*, 954 N.E.2d 507 (Ind. Ct. App. 2011); and *Johnson v. State*, 833 N.E.2d 516 (Ind. Ct. App. 2005). In *McCaffrey*, we concluded that the evidence was sufficient to show forcible resistance where the defendant refused the officer's orders to stand on two different occasions and had to be carried to and from the police car by two officers. *McCaffrey*, 605 N.E.2d at 242. *Stansberry* referenced the action of placing one's hands on the casing of a doorway to resist leaving the house as evidence that was sufficient to show forcible resistance. *Stansberry*, 954 N.E.2d at 511 (citing *Wellman v. State*, 703 N.E.2d 1061, 1064 (Ind. Ct. App. 1998)). In *Johnson*, we concluded that the evidence was sufficient to show forcible resistance where a person "push[es] away" officers attempting to search him, "turn[s] away," and "stiffen[s] up" when officers try to place him in a police car. *Johnson*, 833 N.E.2d at 518-19.

[12] Of the cases presented, Willis's conduct is most analogous to that in *Johnson* and distinguishable from the conduct in *K.W.* In *K.W.*, the defendant merely "turned to walk away, pulling against [the officer's] grasp on his wrist. *K.W.*, 984 N.E.2d at 611. Here, Willis did more than just turn to walk away. Willis tried to push Officer Wright's hand away, just as in *Johnson*. Willis also tried to

pull away from Officer Wright's grasp, wrestled with the two officers for about a minute, caused injuries to one officer, and laid on his left arm to keep the officers from grabbing it. Willis's resistance was equivalent to the defendant in *Johnson* "stiffening up" when officers tried to place him in a police car. *Johnson*, 833 N.E.2d at 518-19.

[13] Given that Willis used strong, powerful, violent means to evade law enforcement Officer Douglas Wright's rightful exercise of his duties, we conclude there is sufficient evidence to show Willis did "forcibly" resist Officer Wright.

## Conclusion

[14] The evidence is sufficient to support Willis's conviction for Class A misdemeanor resisting law enforcement. We affirm.

[15] Affirmed.

Vaidik, C.J., and Mathias, J., concur.