**STATE of Missouri, Plaintiff-
Respondent,**

v.

**Albert J. FEAGAN, Defendant-
Appellant.**

**No. 17855.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 18, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 9, 1992.

Application to Transfer Denied
Sept. 22, 1992.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Gary E. Brotherton, Columbia, for defendant-appellant.

MAUS, Judge.

A jury found defendant, Albert Feagan, guilty of the class D felony of resisting arrest by threatening to use violence or physical force. § 575.150. He was sentenced as a prior offender to three years' imprisonment. § 558.021. He states two points on appeal. A brief outline of the facts is sufficient for consideration of those points.

At approximately 4:00 a.m. on November 28, 1990, Officer Steve Schlup and Officer Richard Bough were dispatched to defendant's home to arrest him for the forcible rape of his ex-wife. § 566.030. The officers were admitted into the house by defendant's mother. They found defendant asleep in his bedroom. They awoke him and, with difficulty, placed handcuffs on the defendant and escorted him to their patrol car. He was taken to the police station where, again with difficulty, he was placed in a cell.

Defendant's first point on appeal is "the state failed to prove beyond a reasonable doubt that appellant resisted arrest ... in that the events upon which the conviction rests occurred after the arrest had been 'fully effectuated' and appellant was 'under the control' of the police officers...."

To support this point, he relies upon *State v. Shanks*, 809 S.W.2d 413 (Mo.App.1991). In *Shanks*, the defendant walked out of a garage and the officer placed him under arrest with no resistance from the defendant. The officer then frisked the defendant and advised him of his rights. The defendant was thereafter transported to the police station. Upon arrival at the police station, the defendant attempted to flee. The court in that case reversed the conviction for resisting arrest, stating "the arrest must be *in progress* when the 'resistance' occurs." *Shanks* at 418. (Emphasis in original.)

■ Defendant argues his arrest was fully effectuated when the two officers took him from bed and told him he was under arrest. He contends evidence of his conduct, which could be considered as resistance, occurred after that announcement. Defendant misconceives when his arrest was no longer in progress. The term "arrest" "is subject to more than one definition, depending upon the statute and the facts of the particular case. Consult § 544.180, RSMo 1986." MAI–CR 3d 333.-00.

"An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer, under authority of a warrant or otherwise. The officer must inform the defendant by what authority he acts, and must also show the warrant if required." § 544.180.

That definition is appropriate to the statute and facts presented in this case.

Defendant's argument ignores the evidence and inferences favorable to the verdict. The officers awakened defendant and told him he was under arrest for rape. Defendant did not submit to the custody of the officers as in *State v. Woods*, 620 S.W.2d 443 (Mo.App.1981), or *State v. Ikerman*, 698 S.W.2d 902 (Mo.App.1985), cited by defendant. Instead, the following occurred.

"Q. Was there any response by him, uh, verbally to your announcement that you were going to investigate him—

. . . . .

A. Yes, sir. He advised that he was not going to go with us.

Q. And, uh, what happened next?

A. Uh, he, after his, uh, verbal disagreement advising that he was not going to go with us, *we had to coerce* him, and then at one point he also said that it was *going to take more than the two of us,* meaning Officer Bough and myself, to take him in.

. . . . .

Q. What did he do to show his uncooperation?

A. Uh, the verbal statement as, as, uh, before. Said that he would not go for, for reasons that, for some reasons that he said, and that, uh, that *he stiffened up his arms* when I attempted to place the handcuffs on him." (Emphasis added.)

"In assessing a sufficiency of the evidence challenge, the evidence, together with all reasonable inferences to be drawn therefrom, is viewed in the light most favorable to the verdict and evidence and inferences contrary to the verdict are ignored." *State v. Mallett,* 732 S.W.2d 527, 530 (Mo. banc 1987). When the evidence is so viewed, it was sufficient for the jury to find defendant did not submit but resisted arrest by threatening violence and using physical force in stiffening his arms and requiring the officers to coerce him by force. Cf. *State v. Reynolds,* 723 S.W.2d 400 (Mo.App.1986); *State v. Tibbs,* 772 S.W.2d 834 (Mo.App.1989). Defendant's first point is denied.

■ By his second point, the defendant alleges the trial court erred

"when it submitted Instruction Number 4, patterned after MAI–CR3d 302.04, defining 'reasonable doubt' ... in that the instruction in defining 'proof beyond a reasonable doubt' as 'proof that leaves you firmly convinced of the defendant's guilt' allowed the jury to find appellant guilty based on a degree of proof that was below that required by the due process clause."

Defendant cites *Cage v. Louisiana,* 498 U.S. —, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), as authority for this point. In *State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987), the court held:

"[I]n our view, 'firmly convinced' is essentially synonymous with 'beyond a reasonable doubt.'" *Antwine* at 63.

In *State v. Griffin,* 818 S.W.2d 278 (Mo. banc 1991), the Missouri Supreme Court reconsidered its ·decision in *Antwine* in light of the defendant's cited authority, *Cage v. Louisiana,* and reaffirmed its earlier holding in *Antwine.* The defendant's second point is denied. Judgment of the trial court is affirmed.

FLANIGAN, C.J., and SHRUM, P.J., concur.