STATE of Missouri, Respondent,

v.

Ronnell M. ESCOE, Appellant.

No. WD 59836.

Missouri Court of Appeals,

Western District.

April 30, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 2, 2002.

Tara L. Jensen, Asst. Appellate Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Sara L. Trower, Asst. Atty. Gen., Jefferson City, for Respondent.

Before ELLIS, P.J., and EDWIN H. SMITH and HOWARD, JJ.

EDWIN H. SMITH, Judge.

Ronnell M. Escoe appeals the judgment of his conviction of three counts of robbery in the first degree, § 569.020,[1] and three counts of armed criminal action (ACA), § 571.015, after a jury trial in the Circuit Court of Jackson County. As a result of his convictions, he was sentenced as a prior offender, § 558.016, to concurrent prison terms of thirty years for one count of robbery, twenty-five years for each of two counts of robbery, and ten years for each count of ACA.

In his sole point on appeal, the appellant claims that the trial court erred in overruling his motion for a judgment of acquittal at the close of all the evidence as to one count of robbery because the State did not prove, as required for a conviction under § 569.020, that he intended to permanently deprive the victim of the purse he was alleged to have stolen from her.

We affirm.

1. All statutory references are to RSMo 2000, unless otherwise indicated.

## Facts

At approximately 3:45 a.m. on September 20, 1999, Ida Moore, Keith McClelland and John McLallen were in a truck that broke down on Independence Avenue in Kansas City, Missouri. The three got out of the truck and, as they started to push the vehicle toward a nearby supermarket parking lot, another vehicle containing three men, including the appellant, stopped in front of them. McClelland walked up to the car and asked if they could give the truck a jump-start. One of the appellant's two accomplices jumped out of the car and approached McClelland, demanding money. McClelland, who had seen a pistol lying on the front seat of the car when he walked up to it, gave him the money in his wallet.

While McClelland was being robbed, the appellant got out of the car with the gun and approached McLallen. The appellant hit McLallen in the face with the gun and demanded his money, which McLallen gave him. Moore's purse was then taken. Testifying at trial on direct examination, Moore explained what happened:

Q. Did anybody rob you?

A. They took my purse, but I didn't have nothing in my purse. I asked him to please give my purse back. I needed ID for my children. They did give me my purse back, threw it on the ground.

Q. Threw it on the ground?

A. Yes.

Q. Did they take the purse from you?

A. Yes.

Q. Why did you allow them to take your purse?

A. They snatched my purse, you know.

Q. Why did you allow them to do that?

A. Somebody with a gun you are going to give them what they want.

After Moore's purse was taken, a police van came down the street, and McLallen, McClelland, and Moore yelled out that they had just been robbed. The appellant and his accomplices jumped back in their car and drove away, followed by the police van. The three men were apprehended following a chase. The three victims later identified the men who were apprehended as the men who had robbed them, and identified the appellant as the gunman.

The appellant was charged with three counts of robbery in the first degree, § 569.020, and three counts of armed criminal action, § 571.015. A jury found the appellant guilty on all counts, and he was sentenced as a prior offender to thirty years for robbing McLallen, who he struck in the face with the gun; and twenty-five years each for robbing Moore and McClelland. As to his convictions for ACA, he was sentenced to ten years in prison on each count. All the sentences were ordered to run concurrently.

This appeal follows.

## Standard of Review

In reviewing the sufficiency of the evidence supporting a criminal conviction, this court does not act as a "super juror" with veto powers, but gives great deference to the trier of fact. *State v. Williams*, 24 S.W.3d 101, 118 (Mo.App. 2000). "Appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror could find the defendant guilty beyond a reasonable doubt." *Id.* (*citing State v. Ellison*, 980 S.W.2d 97, 98 (Mo. App.1998); *State v. Brown*, 996 S.W.2d 719, 728 (Mo.App.1999)). In our review, all evidence favorable to the State and all reasonable inferences drawn therefrom are accepted as true, and all evidence and inferences to the contrary are disregarded. *State v. Knese*, 985 S.W.2d 759, 769 (Mo.

*banc* 1999); *State v. Ervin,* 979 S.W.2d 149, 159 (Mo. *banc* 1998).

## I.

■ In his sole point on appeal, the appellant claims that the trial court erred in overruling his motion for a judgment of acquittal at the close of all the evidence as to one count of robbery because the State did not prove, as required for a conviction under § 569.020, that he intended to permanently deprive the victim, Ida Moore, of the purse he was alleged to have stolen from her. Specifically, he claims that although her purse was forcibly stolen from her, it was immediately returned to her after she asked her robbers to give it back.

With respect to the conviction which the appellant challenges on appeal, the record reflects that he was charged, under § 569.020, with robbing Ms. Moore by forcibly stealing her purse. Thus, as the appellant contends, the State, in order to convict him of this offense, was required, as a matter of due process, to prove beyond a reasonable doubt each and every element of the offense as provided in § 569.020. *State v. Scurlock,* 998 S.W.2d 578, 582 (Mo.App.1999); *State v. Price,* 980 S.W.2d 143, 144 (Mo.App.1998).

In claiming as he does in this point, the appellant contends that in order to convict him under § 569.020 of robbing Ms. Moore, the State was required to prove, *inter alia,* beyond a reasonable doubt, that he intended to permanently deprive her of her purse. Our reading of § 569.020 would support the fact that this was a required proof element of the offense as charged.

Section 569.020 reads, in pertinent part:

1. A person commits the crime of robbery in the first degree when he *forcibly steals* property and in the course thereof he, or another participant in the crime,

(1) Causes serious physical injury to any person; or

(2) Is armed with a deadly weapon; or

(3) Uses or threatens the immediate use of a dangerous instrument against any person; or

(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

(Emphasis added.) For the purposes of § 569.020, § 569.010(1) defines "forcibly steals" as:

[A] person "forcibly steals," and thereby commits robbery, when, in the course of *stealing,* as defined in section 570.030, RSMo, he uses or threatens the immediate use of physical force upon another person for the purpose of:

(a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

(b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.

(Emphasis added.) Section 570.030.1 provides that a person commits the crime of "stealing" "if he or she appropriates property or services of another with the purpose to *deprive* him or her thereof, either without his or her consent or by means of deceit or coercion." (Emphasis added.) "Deprived," as used in § 570.030, is defined in § 570.010(8) as:

(a) To withhold property from the owner *permanently;* or

(b) To restore property only upon payment of reward or other compensation; or

(c) To use or dispose of property in a manner that makes recovery of the property by the owner unlikely.

(Emphasis added.)

While the State agrees with the appellant's contention that it had the burden of proving that he intended to permanently deprive Ms. Moore of her purse, in order to convict him under § 569.020 of robbing her, it disputes the appellant's contention that there was no evidence in the record from which the jury could reasonably find that it carried its burden as to that element of proof. In arguing that there was no evidence from which the jury could have found that he intended to permanently deprive Ms. Moore of her purse, the appellant relies on the victim's testimony that: "They took my purse, but I didn't have nothing in my purse. I asked him to please give my purse back. I needed ID for my children. They did give me my purse back, threw it on the ground." The appellant contends that in light of this testimony a reasonable jury could not infer that he intended to permanently deprive Ms. Moore of her purse. On the other hand, the State contends that it is reasonable to infer from this testimony that the robbers threw the purse on the ground only after they had determined that it contained no money. We would agree that this is a reasonable inference. Because, in reviewing the sufficiency of the evidence to convict, we are to accept as true all evidence and reasonable inferences favorable to the State, and disregard all contrary evidence and inferences, for purposes of our review, we accept the State's version of what occurred. *Knese*, 985 S.W.2d at 769.

A virtually identical fact situation as ours was presented to this court in *State v. Bradshaw*, 766 S.W.2d 470 (Mo.App.1989). In *Bradshaw*, the defendant was convicted of first-degree robbery, under § 569.020 RSMo.1986, which required proof of the same elements as the present version of § 569.020 does. In *Bradshaw*, the defendant took the victim's wallet at gunpoint, looked through it, and then returned it to the victim, saying "He don't have anything." This court held that "[t]he crime of robbery was consummated when the defendant gained control of the wallet, even for a moment. That the defendant restored the wallet to [the victim] when no money was found could not retract or efface the crime already completed." *Id.* at 473 (citation omitted).

Applying the rationale of *Bradshaw* to the case at bar, the crime of first-degree robbery was consummated when the appellant and his accomplices gained control of Ms. Moore's purse, "even for a moment." The fact that she regained possession of her purse, after it was found to contain no money, did not "retract" the completed crime of robbery in the first degree. Thus, the trial court did not err in overruling the appellant's motion for judgment of acquittal at the close of all the evidence for the State's alleged failure to prove that he intended to permanently deprive Ms. Moore of her purse.

Point denied.

## Conclusion

The judgment of the circuit court convicting the appellant of three counts of robbery in the first degree, § 569.020, and three counts of ACA, § 571.015, is affirmed.

ELLIS, P.J., and HOWARD, J., concur.