**STATE of Missouri, Plaintiff–Respondent,**

v.

**William Scott ONDO, Defendant–Appellant.**

**No. 28075.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 22, 2007.

Irene C. Karns, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary H. Moore, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

William Scott Ondo ("Appellant") appeals from a conviction of the class D felony of resisting arrest, section 575.150,[1] obtained in the Circuit Court of Newton County. Appellant contends that the trial court erred in overruling Appellant's motion for judgment of acquittal at the close of all the evidence. Appellant's only point on appeal is that the State failed to prove each element beyond a reasonable doubt, namely that the arrest was not completed when Appellant began resisting. We disagree and affirm the trial court's ruling.

Review of the evidence is set out in a light most favorable to the verdict. *State v. Crawford*, 32 S.W.3d 201, 204 (Mo.App. S.D.2000). On January 9, 2006, the Newton County Sheriff's Department responded to a domestic assault call concerning Appellant and his wife. Deputy Sheriff Seth Hembree, after speaking with Mrs. Ondo, decided there was probable cause to arrest Appellant for domestic assault in the second degree.

Appellant was advised that Deputy Hembree was there as a result of a domestic assault report. Appellant admitted there had been a verbal argument but declined to offer any more details. Deputy Hembree spoke with Mrs. Ondo a second time and she stated that she wanted to press charges. Appellant was then advised that he was going to be placed under arrest.

Appellant was handcuffed and advised of the Miranda warnings.[2] Deputy Hembree then attempted to remove all the items from Appellant's pockets. Although it was not the policy of the sheriff's department, it was Deputy Hembree's practice to remove all personal items and leave them at the residence of a person being arrested. Appellant began to resist when he bent over and made a move toward the door. Appellant was warned that he should stop resisting the arrest or he would be Tased.[3] Appellant continued to resist and was Tased by Deputy Hall. Appellant kicked Deputy Hall which resulted in Appellant being Tased a second time. After being Tased at least twice, Appellant ceased his resistance.

The trial court found Appellant guilty of resisting arrest and sentenced Appellant to serve three years in prison concurrent to his three-year sentence in case 06NW–CR00022–01.

In reviewing the sufficiency of the evidence, this Court is limited to determining whether there was sufficient evidence presented for reasonable persons to have found Appellant guilty beyond a reasonable doubt. *State v. Norville*, 23 S.W.3d 673, 676 (Mo.App. S.D.2000). In a court tried case, this Court applies the same standard as used in a jury-tried case. *State v. Agee*, 37 S.W.3d 834, 836 (Mo.App. S.D.2001). In assessing a sufficiency of the evidence challenge, we accept as true all reasonable inferences to be drawn from the evidence viewed in the light most favorable to the verdict and disregard all evidence and inferences contrary to the verdict. *State v. Mallett*, 732 S.W.2d 527,

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. Taser is a trademark name "used for a gun that fires electrified darts to stun and immobilize a person." *Merriam–Webster's Collegiate Dictionary* 1279 (11th ed.2005).

530 (Mo. banc 1987); *Agee*, 37 S.W.3d at 836. When the evidence is so viewed, it was sufficient for the court to find the arrest had not been fully effectuated when Appellant began resisting.

Resisting arrest has three elements: (1) knowledge that a law enforcement officer is making an arrest, (2) purpose on the part of the defendant to prevent the officer from effecting the arrest, and (3) resisting the arrest by threatening the use of violence or physical force or by fleeing from such officer. Section 575.150.1(1). "An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer, under authority of a warrant or otherwise." Section 544.180.

 It is logical to require that for a valid conviction of resisting arrest the arrest must be in progress when the "resistance" occurs. *State v. Shanks*, 809 S.W.2d 413, 418 (Mo.App. E.D.1991). "Once the arrest has been fully effectuated a defendant should be considered to be in custody." *Id.* Where a court finds that the arrest has been completed before the actions constituting "resisting" have occurred, there cannot be a valid conviction for resisting arrest. See *Id.* (where the court determined that the arrest was effectuated when an officer had bound the defendant with handcuffs, had read him his Miranda warnings, secured defendant in his patrol car, and transported defendant to the police station before the resistance occurred); *but see State v. Belton*, 108 S.W.3d 171, 175–76 (Mo.App. W.D.2003) (where the court found that the arrest was still in progress where the defendant had been handcuffed, but was not yet in the patrol car when the resistance occurred); *see also State v. Feagan*, 835 S.W.2d 448, 450 (Mo.App. S.D.1992) (holding that simply announcing to the defendant that he is under arrest and taking him from his bed does not complete the arrest).

 Appellant construes the term "arrest" in a narrow fashion by asking this Court to determine that being placed in handcuffs and being given Miranda warnings is enough to complete an arrest. "Arrest" is susceptible to more than one definition, depending on its context. *Feagan*, 835 S.W.2d at 449. As in *Belton* and *Feagan*, we find Appellant's definition too constrained. The officers were still in the process of arresting Appellant. The process to arrest Appellant had not proceeded as far as in *Shanks* where the defendant was secured in the police car and transported to the police department. Appellant was handcuffed and he had been read his Miranda warnings, but the evidence indicates that Appellant had not been placed in the patrol car, and the arresting officer had not completed his arrest procedures, which included emptying the pockets of the arrestee. Appellant resisted the officer's attempts to empty his pockets and resorted to violence to complete his purpose. In order to control Appellant, officers were forced to use a Taser not once, but at least twice. On these facts, it is clear that the officers did not have Appellant sufficiently restrained and Appellant had not yet submitted to the officer's custody. Therefore, the officers had not completed the arrest when Appellant's resistance occurred. Appellant's point is denied.

The judgment is affirmed.

BARNEY, P.J., and LYNCH, C.J., concur.