NOT DESIGNATED FOR PUBLICATION

No. 121,612

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER A. PHILLIPS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER ORTH MYERS, judge. Opinion filed September 4, 2020. Sentence vacated and case remanded with directions.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Kayla L. Roehler*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and BUSER, JJ.

PER CURIAM: Tyler A. Phillips appeals the sentences imposed for his convictions of attempted aggravated robbery and criminal threat. Phillips contends the district court erred by classifying his prior 2012 Missouri conviction for resisting arrest as a person felony when calculating his criminal history score. Upon our review, we hold that Phillips' Missouri conviction for resisting arrest was incorrectly scored as a person felony. Accordingly, we vacate the sentence and remand with directions to resentence Phillips with a correct criminal history score.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2018, Phillips pled guilty to attempted aggravated robbery and criminal threat. A presentence investigation (PSI) report calculated Phillips' criminal history score as C, based in part on a 2012 Missouri conviction for resisting arrest being classified as a person felony. Before sentencing, Phillips filed an objection to his criminal history score, arguing that his Missouri conviction for resisting arrest should be classified as a nonperson felony. The State filed a response, claiming the PSI report accurately classified the Missouri conviction as a person felony.

At sentencing, Phillips and the State continued their dispute over whether the Missouri conviction for resisting arrest should be classified as a person or nonperson felony. For its part, the State argued that the Missouri conviction was comparable to the Kansas offenses of battery or battery against a law enforcement officer. The district court reviewed the 2012 Missouri complaint and found that Phillips was convicted of resisting arrest by using physical force against a law enforcement officer. As a result, the district court determined that the Missouri conviction was comparable to either a Kansas battery or battery against a law enforcement officer and, thus, was properly classified as a person felony for sentencing purposes. Utilizing a criminal history score of C, the district court sentenced Phillips to a controlling term of 57 months in prison.

Phillips timely appealed his sentences.

## ANALYSIS

On appeal, Phillips contends the district court erred by classifying his prior Missouri conviction for resisting arrest as a person felony when calculating his criminal history score. He argues that the conviction should have been classified as a *nonperson* felony because the elements of the Missouri crime are broader than the elements of a

2

Kansas battery or battery of a law enforcement officer. The classification of prior offenses for criminal history purposes involves statutory interpretation, which presents a question of law subject to unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

Under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq., a defendant's presumptive sentence is based on two controlling factors: the defendant's criminal history and the severity level of the crime committed. K.S.A. 2019 Supp. 21-6804(c). Criminal history scores range from I (no criminal history or one misdemeanor) to A (three or more person felonies). See K.S.A. 2019 Supp. 21-6809; K.S.A. 2019 Supp. 21-6804(a). A defendant's criminal history includes all the defendant's adult felony convictions, felony juvenile adjudications, and certain misdemeanor convictions and adjudications. K.S.A. 2019 Supp. 21-6810(a), (d).

When calculating a defendant's criminal history score, the district court classifies convictions (1) as a felony or misdemeanor and (2) as a person or nonperson offense. K.S.A. 2019 Supp. 21-6810(a). The KSGA weighs felonies more heavily than misdemeanors, and they result in higher presumptive sentences. The KSGA also weighs person offenses more heavily than nonperson offenses. See *State v. Keel*, 302 Kan. 560, 574-75, 357 P.3d 251 (2015).

When Phillips was sentenced, Kansas classified an out-of-state conviction as a person or nonperson offense by referring to the comparable offense under the Kansas Criminal Code in effect when the current crime of conviction was committed. K.S.A. 2016 Supp. 21-6811(e)(3). If the Kansas Criminal Code does not have a comparable offense, the out-of-state conviction is classified as a nonperson crime. K.S.A. 2016 Supp. 21-6811(e)(3). In *Wetrich*, our Supreme Court held that for a Kansas crime to be a comparable offense, "the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must

3

be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562. Since the district court sentenced Phillips after the *Wetrich* decision, the identical-or-narrower test applies to whether his Missouri conviction for resisting arrest should be classified as a person or nonperson offense. See *State v. Weber*, 309 Kan. 1203, Syl. ¶ 3, 442 P.3d 1044 (2019).

The PSI report shows that Phillips was convicted on June 4, 2012, of "Resisting arrest/detention/stop by fleeing-creating a [substantial risk] of serious [injury/death to] any person." The Missouri statute states:

> "1. A person commits the crime of resisting . . . arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:
>
> (1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer." Mo. Rev. Stat. § 575.150.1 (2009).

The statute further provides that resisting arrest is a felony offense if the "person fleeing creates a substantial risk of serious physical injury or death to any person." Mo. Rev. Stat. § 575.150.

In summary, the basic elements of resisting arrest under Mo. Rev. Stat. § 575.150 are:  (1) The defendant knew that a law enforcement officer was making an arrest or a stop of a person or vehicle; (2) the defendant resisted the arrest or stop by using, or threatening to use, violence or physical force or by fleeing from the officer; and (3) the defendant did so with the purpose of preventing the officer from completing the arrest or stop. *State v. Jones*, 479 S.W.3d 100, 109 (Mo. 2016). A conviction under Mo. Rev. Stat.

4

§ 575.150 is elevated to a felony when the defendant attempts to flee an arrest in a way that creates "a substantial risk of serious physical injury or death to any person." Mo. Rev. Stat. § 575.150.5.

The district court found that Phillips' conviction for resisting arrest by using physical force was comparable to the Kansas crime of battery against a law enforcement officer or, alternatively, simple battery. Battery includes "knowingly causing physical contact with another person when done in a rude, insulting or angry manner." K.S.A. 2016 Supp. 21-5413(a)(2). Battery against a law enforcement officer is a battery against a "uniformed or properly identified state, county or city law enforcement officer . . . while such officer is engaged in the performance of such officer's duty." K.S.A. 2016 Supp. 21-5413(c)(1)(B). Both battery and battery against a law enforcement officer are person misdemeanor offenses. K.S.A. 2016 Supp. 21-5413(g)(1), (g)(3)(A).

On appeal, Phillips argues that his Missouri conviction for resisting arrest by using physical force is broader than these Kansas crimes because the Missouri statute does not require the physical force to be applied to another person or law enforcement officer. Phillips claims:

> "The fact that the Missouri statute does not identify or restrict the object of the defendant's application of force to another human being establishes that the elements of a Missouri resisting arrest statute in effect at the time Mr. Phillips committed the offense in the present case were broader than the Kansas elements of battery of a law enforcement officer."

The State responds that the use of physical force necessary to support a Missouri conviction for resisting arrest must be directed against an officer. Moreover, because the Missouri crime requires the defendant to physically contact another person, the Missouri crime is identical to, or narrower than, a Kansas battery.

Missouri courts, however, have rejected the State's position that the use of physical force needed to support a Missouri conviction for resisting arrest must be directed against an officer. *State v. Miller*, 172 S.W.3d 838, 845-46 (Mo. App. 2005). For example, the *Miller* court determined that evidence suggesting the defendant grabbed a steering wheel to prevent officers from removing her from the vehicle was sufficient to show that she resisted arrest by using physical force. 172 S.W.3d at 845-46. Similarly, in *State v. Shipp*, 125 S.W.3d 358, 361 (Mo. App. 2004), the court found a defendant resisted arrest with physical force by pulling his hand away and struggling while an officer attempted to place him in handcuffs. And another Missouri court held that a defendant used physical force to resist arrest by merely stiffening his body as an officer tried to pull him from a car. *State v. Belton*, 108 S.W.3d 171, 174-75 (Mo. App. 2003).

While Phillips' Missouri conviction for felony resisting arrest also required the State to show that he created a substantial risk of serious physical injury or death, one can envision hypothetical situations where a person uses physical force to resist arrest without causing physical contact to another person and also creating a substantial risk of serious physical injury or death. For example, a person may resist arrest by grabbing a steering wheel and the officer attempting to remove the defendant from the vehicle falls into oncoming traffic, thus creating a substantial risk of serious physical injury or death.

In summary, since a Missouri conviction for resisting arrest does not require the offender to physically contact another person, the elements of Phillips' Missouri conviction are broader than the elements of the Kansas crimes of battery or battery of a law enforcement officer. Accordingly, the district court erred by finding that a Kansas battery or battery of a law enforcement was comparable to Phillips' Missouri conviction.

The State also presents an alternative argument. It contends the district court correctly scored Phillips' Missouri conviction for resisting arrest as a person offense because it is comparable to the Kansas crime of endangerment under K.S.A. 2016 Supp.

6

21-5429. Endangerment is defined as "recklessly exposing another person to a danger of great bodily harm or death." K.S.A. 2016 Supp. 21-5429(a). Endangerment is classified as a person offense. K.S.A. 2016 Supp. 21-5429(b). The State argues that the Kansas crime of endangerment is comparable to Phillips' Missouri conviction for resisting arrest because the Missouri crime required proof that Phillips resisted arrest in a manner that created a substantial risk of serious physical injury or death to another person.

Although the State focuses on the similarity between placing another in "great bodily harm" and "serious physical injury," it fails to consider that Kansas' endangerment statute requires the defendant to act recklessly while the Missouri statute requires no mental culpable state in creating a risk of injury or death. Compare K.S.A. 2016 Supp. 21-5429(a) with Mo. Rev. Stat. § 575.150.5 (2009); *United States v. Dunning*, 666 F.3d 1158, 1166 (8th Cir. 2012) (noting the Missouri statute has "no mens rea requirement related to the risk of injury").

Our Supreme Court has found that Kansas crimes requiring reckless conduct are not comparable to out-of-state crimes requiring a lesser culpable mental state. See *State v. Ewing*, 310 Kan. 348, 357-59, 446 P.3d 463 (2019); *State v. Rodriguez*, 305 Kan. 1139, 1154, 390 P.3d 903 (2017) (Colorado crime requiring a defendant to act with criminal negligence is not comparable to a Kansas offense that requires the defendant to act recklessly.). As a result, the Kansas crime of endangerment is not comparable to Phillips' Missouri crime of felony resisting arrest.

In conclusion, a person may use physical force to resist arrest in violation of Mo. Rev. Stat. § 575.150 without knowingly causing physical contact to another person. As a result, Phillips' Missouri conviction is broader than the Kansas crimes of battery under K.S.A. 2016 Supp. 21-5413(a)(2) and battery against a law enforcement officer under K.S.A. 2016 Supp. 21-5413(c)(1)(B). Additionally, a Missouri conviction for felony resisting arrest may occur if the offender negligently, or without any culpable mental

7

state, creates a substantial risk of serious physical injury or death to another person. Because the Kansas crime of endangerment under K.S.A. 2016 Supp. 21-5429 requires reckless conduct, the Missouri crime is also broader than the Kansas crime of endangerment. Since the elements of Missouri's resisting arrest statute are broader than the elements of these Kansas crimes, the State has identified no Kansas person offense comparable to Phillips' prior Missouri conviction. As a result, the Missouri conviction should have been classified as a nonperson offense.

The district court erred by scoring Phillips' 2012 Missouri conviction for resisting arrest as a person felony when calculating his criminal history score. Accordingly, we vacate Phillips' sentence and remand for resentencing with directions to classify his prior Missouri conviction for resisting arrest as a nonperson felony when calculating his criminal history score.

Sentence vacated and case remanded for resentencing with the correct criminal history score.