

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,   )
　　　　　　　　　　　　 )
　　　Plaintiff-Appellant,   )
　　　　　　　　　　　　 )
v.   )   No. SD37297
　　　　　　　　　　　　 )
SAMUEL ALLEN MEADOR,   )   **Filed:  December 13, 2022**
　　　　　　　　　　　　 )
　　　Defendant-Respondent.   )

APPEAL FROM THE CIRCUIT COURT OF HOWELL COUNTY

Honorable Steven Privette

## REVERSED AND REMANDED WITH DIRECTIONS

　　　The State appeals a judgment of acquittal notwithstanding the verdict ("JNOV")

entered by the circuit court after a jury found Samuel Allen Meador ("Defendant") guilty

of felony-level resisting arrest ("felony resisting arrest").[1]  The State's sole point on

appeal claims the record contained sufficient evidence to support the jury's verdict.

Finding merit in that claim, we reverse the JNOV and remand the case for the circuit

court to accept the jury's verdict and proceed to sentencing.

---

[1] Section 547.200.2 allows the State to appeal a JNOV because the outcome of the appeal does not violate Defendant's right to be free from double jeopardy as, if the State prevails on appeal, the jury's guilty verdict is simply reinstated without the necessity of a second trial.  *See **State v. Ward**,* 568 S.W.3d 888, 891 (Mo. banc 2019).  Unless otherwise indicated, all statutory citations are to RSMo 2016.

1

**Standard of Review**

We review the circuit court's ruling on a motion for judgment of acquittal in a jury-tried case to determine whether the State made a submissible case. ***State v. Hall***, 561 S.W.3d 449, 452 (Mo. App. S.D. 2018). "Under that standard of review, the issue is whether the State presented sufficient evidence from which a reasonable juror could have found Defendant guilty of the crime beyond a reasonable doubt." ***Id.*** at 452-53.

> In determining whether there is sufficient evidence "to support a conviction and to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but rather accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignores all contrary evidences and inferences." *State v. Gilmore*, 537 S.W.3d 342, 344 (Mo. banc 2018) (alterations omitted)*, quoting, State v. Ess, 453 S.W.3d 196, 206 (Mo. banc 2015)*.[]

***State v. Lehman***, 617 S.W.3d 843, 846-47 (Mo. banc 2021).

**The Favorable Evidence & Procedural Background**

The State's charge against Defendant for felony resisting arrest claimed that

> on or about August 23, 2020, in the County of Howell, State of Missouri, Officer Colter Reid [("Officer Reid")] and Cpl. Josh Wichowski [("Corporal Wichowski")], law enforcement officers, were making an arrest of [D]efendant for active felony warrants, and [Defendant] knew or reasonably should have known that the officers were making an arrest, and, for the purpose of preventing the officers from effecting the arrest, resisted the arrest of [D]efendant by fleeing from the officers in that [D]efendant ran from the law enforcement officers.

Officer Reid and Corporal Wichowski were on patrol on the day in question when they saw a black Ford Escape ("the Escape") that resembled one that had been reported as stolen. The license plate on the vehicle was registered to a different vehicle, and the registered owner of that license plate had an outstanding warrant for his arrest.

Corporal Wichowski followed the Escape into the driveway of a residence, where he saw that three individuals, including Defendant, were inside the vehicle. Defendant

exited the passenger door of the Escape and went around to the rear of the residence. Corporal Wichowski immediately recognized Defendant and believed that he had an outstanding warrant for his arrest. Corporal Wichowski contacted dispatch to confirm that the warrant was still active.

As Defendant walked up the back-porch steps, Corporal Wichowski asked him to come back down and "hang[] out over here for me" because Officer Wichowski believed that Defendant had an arrest warrant, and he wanted to make sure that it was still good. Defendant came back down the steps, and he stood by Corporal Wichowski, who then contacted dispatch again for an update on the status of Defendant's warrant. Defendant then ran from the scene.

Officer Reid and another officer pursued Defendant on foot, while Corporal Wichowski went after Defendant in his patrol car. Upon entering his vehicle, Officer Wichowski received confirmation that Defendant had two active felony warrants. As Defendant was fleeing on foot, Officer Reid twice shouted at Defendant to stop. Defendant continued to flee until officers caught up to him and placed him under arrest.

The jury found Defendant guilty as charged. Defendant later filed a written motion for JNOV. The trial court granted the motion, finding

> that at no time was [Defendant] advised he was being placed under arrest, nor did he submit to [Officer Wichowski]'s authority. [Officer Wichowski]'s statement to Defendant that he was checking to see if [Defendant] had a warrant for his arrest does not rise to the level of an actual arrest.[2]

---

[2] While the circuit court's judgment seems to indicate that it found insufficient evidence to support the first element of resisting arrest – that Defendant knew or reasonably should have known the officer was making an arrest – the State had the burden of proving each element of the offense.

3

**Analysis**

The jury found Defendant guilty of felony resisting arrest. Under the resisting arrest statute, section 575.150.1, a person commits the offense of resisting arrest if:

> (1) he knew or reasonably should have known that a law enforcement officer was making an arrest; (2) he resisted that arrest by using or threatening to use violence or physical force or by fleeing from the officer; and (3) he did so for the purpose of preventing the officer from completing the arrest.

*State v. Shaw*, 592 S.W.3d 354, 358 (Mo. banc 2019) (quoting *State v. Pierce*, 433 S.W.3d 424, 434 (Mo. banc 2014)).

As to the first element, whether Defendant knew or reasonably should have known that law enforcement was making an arrest, Officer Wichowski twice asked Defendant to "hang[] out over here for me" while he checked on the status of Defendant's arrest warrant.[3] Officer Wichowski told Defendant "I think you might have a warrant, man. I'm double checking on it." He then asked Defendant to "[c]ome down [from the back-porch stairs] for me."

Defendant initially complied with Officer Wichowski's request, but soon thereafter fled on foot before the officer could obtain confirmation of Defendant's warrant status. Officer Wichowski and two other officers pursued Defendant, with Officer Reid twice yelling at Defendant to "stop." Officer Wichowski eventually caught up to Defendant and placed him under arrest.

Defendant argues that these facts constitute "insufficient evidence [that Defendant] knew or reasonably should have known [that the officers] were actually

---

[3] Officer Wichowski asked Defendant twice because Defendant did not hear him the first time.

4

contemplating his arrest when [Defendant] fled. Neither was there any evidence an arrest was in progress when [Defendant] 'resisted' by fleeing[.]" We disagree.

It is well-established that "[i]t is not necessary for the officer to specifically say, 'you are under arrest,' when the circumstances indicate the officer is attempting an arrest." *State v. Jones*, 479 S.W.3d 100, 110 (Mo. banc 2016). The evidence that Officer Wichowski told Defendant that: (1) he thought Defendant had a warrant for his arrest; (2) Officer Wichowski was double-checking on the status of Defendant's arrest warrant; and (3) Officer Reid twice yelled at Defendant to "stop" running as three officers pursued Defendant – two on foot and one in his patrol car – all support a reasonable inference that Defendant knew or should have known that the officers were arresting him. *See State v. Marshall*, 468 S.W.3d 902, 903-04 (Mo. App. S.D. 2015).

We need not address the second element as Defendant concedes that "[i]t is beyond dispute [that he] fled" from three officers.

The third element requires that Defendant resisted for the purpose of preventing the officer from completing the arrest. Section 575.150.1. "It is logical to require that for a valid conviction of resisting arrest the arrest must be in progress when the 'resistance' occurs." *State v. Ondo*, 231 S.W.3d 314, 316 (Mo. App. S.D. 2007). "Once the arrest has been fully effectuated[,] a defendant should be considered to be in custody." *Id.* (quoting *State v. Shanks*, 809 S.W.2d 413, 418 (Mo. App. E.D. 1991) (*overruled on other grounds by Joy v. Morrison*, 254 S.W.3d 885 (Mo. banc 2008)). The case law on this element centers on whether the arrest was completed. *See, e.g., Ondo*, 231 S.W.3d at 316.

5

Here, Defendant does not argue that his arrest was already completed at the time he ran. Instead, Defendant argues that he was fleeing from, at most, a lawful detention, not from an arrest. We disagree. Officer Wichowski told Defendant that he thought Defendant had an active warrant out for his arrest, and he asked Defendant to "hang[] out over here for me" and "[c]ome down [from the back-porch stairs] for me" while Officer Wichowski checked on the status of that warrant. A reasonable juror could logically assume that, once Officer Wichowski confirmed that Defendant had an active *arrest* warrant, he would arrest Defendant on the basis of that warrant.

The evidence adduced at trial, as viewed in the light most favorable to the verdict, was sufficient to support a finding by a reasonable juror that Defendant was guilty of felony resisting arrest beyond a reasonable doubt. The JNOV is reversed, and the matter is remanded to the circuit court, which is directed to vacate the JNOV, accept the jury's verdict, and proceed to sentencing.

DON E. BURRELL, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS

6